Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Frank R. Trechsel (SBN 312199)
ftrechsel@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE STEINMETZ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>VENUESNOW, LLC, a California limited liability company; OAK VIEW GROUP, LLC, a California limited liability company; and DOES 1-10,<br><br>Defendants. | Case No.:<br><br>**PLAINTIFF'S COMPLAINT FOR**:<br><br>1. COPYRIGHT INFRINGEMENT<br><br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT<br><br>3. VIOLATION OF THE DIGITAL MILLENIUM COPYRIGHT ACT (17 U.S.C. §1202)<br><br><u>Jury Trial Demanded</u> |

Plaintiff, GEORGE STEINMETZ ("Steinmetz"), by and through his undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## INTRODUCTION

1. Steinmetz is a renowned professional photographer with a remarkable body of work, who has captured unique images of the world in locations inaccessible by traditional aircraft and most other modes of transportation. He has completed more than 40 major photo essays for National Geographic and 25 stories for GEO magazine in Germany, and has won numerous awards for photography during his 35-year career, including three prizes from World Press Photo. He is a regular contributor to the NY Times Magazine and has explored subjects ranging from the remotest stretches of Arabia's Empty Quarter to the largest coal mine in China.

2. Steinmetz brings this claim to seek redress for the unauthorized and unlawful publishing and exploitation of his original photography. Defendant VENUESNOW, LLC unlawfully published and displayed Steinmetz's photography on its website at "venuesnow.com". Steinmetz at no time sought to associate his work with Defendant or any of their affiliates.

3. This unauthorized usage constituted copyright infringement, amongst other things, as set forth below.

## JURISDICTION AND VENUE

4. This action arises under the Copyright Act of 1976, Title 17 U.S.C., §§ 101, *et seq*, and Cal. Civ. Code 3344(a).

5. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

6. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

# PARTIES

7. Steinmetz is an individual residing in New Jersey, USA.

8. Steinmetz is informed and believes and thereon alleges that Defendant VENUESNOW, LLC. ("VENUESNOW") is a California limited liability company with its principal place of business located at 1100 Glendon Ave, Los Angeles, California 90024 and is doing business within the State of California. Upon information and belief, VENUESNOW owns, maintains, operates, and controls the website "https://venuesnow.com/."

9. Steinmetz is informed and believes and thereon alleges that Defendant OAK VIEW GROUP, LLC. ("OVG") is a California limited liability company with its principal place of business located at 11755 Wilshire Blvd., 9th Floor, Los Angeles, California 90025 and is doing business within the State of California. Upon information and belief, OVG owns, operates, and controls Defendant VENUESNOW.

10. Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Steinmetz's copyrights, have contributed to the infringement of Steinmetz's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Steinmetz, which therefore sue said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

11. Steinmetz is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full

knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Steinmetz's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATED TO SUBJECT PHOTOGRAPH

12. Steinmetz created and owns all rights in original photograph of the Caesars Superdome (formerly known as the Mercedes-Benz Superdome) at issue in this case ("Subject Photograph.") The Subject Photograph is set forth in the table below.

13. The Subject Photograph was registered with the United States Copyright Office, with all formalities satisfied.

14. Steinmetz is informed and believes and thereon alleges that Defendants accessed the Subject Photograph and then exploited it without the authorization of Steinmetz. Defendants, and each of them, exploited the Subject Photograph by reproducing and publicly displaying same on their commercial website (the "Accused Work"). True and correct reproductions of the Subject Photograph and a non-inclusive exemplar of the Accused Work are depicted below:

///
///
///

Case 2:23-cv-08691   Document 1   Filed 10/16/23   Page 5 of 11   Page ID #:5

**Subject Photograph:**



**Accused Work:**



15. A comparison of the Subject Photograph with the Accused Work reveals that the elements, composition, colors, arrangement, subject, lighting, angle, and overall appearance of the images are identical or at least substantially similar.

16. On information and belief, Steinmetz alleges that Defendants, along with DOE Defendants, were involved in creating and/or developing the Accused Work, and/or supplying, marketing distributing, selling, and otherwise providing the Accused Work to third parties, including without limitation, the public.

17. Steinmetz at no time authorized Defendants, or any of them, to use the Subject Photograph as complained of herein.

18. On December 15, 2020, Steinmetz, through his attorneys, sent a letter to VENUESNOW notifying the Defendant of its infringing activity and demanding VENUESNOW cease and desist all infringing uses of Steinmetz's copyrighted work. VENUESNOW failed to meaningfully respond.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against all Defendants, and Each)

19. Steinmetz repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

20. Steinmetz did not know or have reason to know of Defendants' infringing conduct prior to three years before the filing of this complaint.

21. Steinmetz is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Photograph, including, without limitation, through viewing the Subject Photograph in or on Steinmetz's many publications, profiles, exhibitions, websites and/or through other authorized channels, over the internet, including without limitation as accessed via a search engine, or through a third-party source. Access is also established by the exact reproduction of the Subject Photograph in the Accused Work.

22. Steinmetz is further informed and believes and thereon alleges that certain Defendants have an ongoing business relationship with one or more of the other Defendants, and that those parties conspired to traffic in the Accused Work.
///

23. Defendants, and each of them, infringed Steinmetz's rights by copying the Subject Photograph, and distributing the Accused Work, without Steinmetz's authorization or consent.

24. Due to Defendants', and each of their, acts of infringement, Steinmetz has suffered actual, general, and special damages in an amount to be established at trial.

25. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Steinmetz's rights in the Subject Photograph. As such, Steinmetz is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of his rights in the Subject Photograph in an amount to be established at trial.

26. Steinmetz registered the Subject Photograph with the U.S. Copyright Office before the commission of the infringement at issue and on that basis seeks statutory damages in an amount up to $150,000.00 per photograph per the Copyright Act.

27. Steinmetz is informed and believes and thereon alleges that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, subjecting Defendants, and each of them, to enhanced statutory damages, claims for costs and attorneys' fees, and/or a preclusion from deducting certain costs when calculating disgorgeable profits.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement – Against all Defendants, and Each)

28. Steinmetz repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

///

29. Steinmetz is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of the Subject Photograph as alleged hereinabove. Defendants, and each of them, realized profits through their respective obtainment, sales and distribution of the Accused Work.

30. Steinmetz is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, each Defendant had the ability to oversee the development, publication, and distribution of the infringing imagery at issue. And, Defendants, and each of them, realized profits through their respective obtainment, marketing and distribution of the Accused Work.

31. By reason of Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Steinmetz has suffered and will continue to suffer substantial damages to his business in an amount to be established at trial, as well as additional actual, general, and special damages in an amount to be established at trial.

32. Steinmetz registered the Subject Photograph with the U.S. Copyright Office before the commission of the infringement at issue and on that basis seeks statutory damages in an amount up to $150,000.00 per photograph per the Copyright Act.

33. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Steinmetz's rights in the Subject Photograph. As such, Steinmetz is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of his rights in the Subject Photograph, in an amount to be established at trial.

34. Steinmetz is informed and believes and thereon alleges that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, subjecting Defendants, and each of them, to enhanced statutory damages, claims for costs and attorneys' fees, and/or a preclusion from deducting certain costs when calculating disgorgeable profits.

## THIRD CLAIM FOR RELIEF

(For Violations of the 17 U.S.C. §1202 – Against all Defendants, and Each)

35. Steinmetz repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

36. The Subject Photograph were routinely published with attribution, credit, and other copyright management information identifying Steinmetz as the author.

37. Steinmetz alleges on information and belief that Defendants, and each of them, removed Steinmetz's copyright management information, as described above, from the Subject Photograph, and/or added false copyright management information to the Subject Photograph, before distributing and publishing same.

38. Steinmetz alleges on information and belief that Defendants, and each of them, distributed and published the Subject Photograph via its website, under its own name, and removing Steinmetz's attribution information, including without limitation his name and/or metadata.

39. The aforementioned facts constitute "copyright management information" as that phrase is defined in 17 U.S.C. §1202(c) and is false.

40. When Defendants distributed and published the Subject Photograph, they knowingly provided and/or distributed false copyright management information in violation of 17 U.S.C. §1202(a). As a result of the foregoing, Steinmetz has been damaged and may recover those damages as well as Defendants' profits, and/or statutory damages, and attorneys' fees under 17 U.S.C. §1203.

# PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

## Against All Defendants

Wherefore, Plaintiff prays for judgment as follows against all Defendants and with respect to each claim for relief:

a. That Defendants, their affiliates, agents, and employees be enjoined from infringing Plaintiff's copyrights in and to the Subject Photograph.

b. That Plaintiff be awarded all profits of Defendants, and each, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages to the extent they are available under the Copyright Act, 17 U.S.C. §§ 504, 1203 *et seq.*;

c. That Plaintiff be awarded its costs and attorneys' fees to the extent they are available under the Copyright Act U.S.C. §§ 505, 1203, *et seq.*

d. That a trust be entered over the Accused Work, and all profits realized through the sales and distribution of said work;

e. That Defendants, and each of them, be enjoined from any further use of the photography at issue and/or the distribution of any production incorporating same.

f. That Plaintiff be awarded pre-judgment interest as allowed by law;

g. That Plaintiff be awarded the costs of this action; and

h. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

///

///

///

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

                                              Respectfully submitted,

Dated: October 16, 2023        By:   */s/ Scott Alan Burroughs*
                                                      Scott Alan Burroughs, Esq.
                                                        DONIGER / BURROUGHS
                                                        *Attorneys for Plaintiff*